## BLACKNER v. OWENS, EXECUTOR OF ROBERTS.

### January 11, 1840.

*Motion to take money out of court.*

On an application by an executor to take money out of court, which is the balance or surplus of the proceeds of sale, under an execution against the testator's real estate, after the payment of incumbrances, under the act of 25th February, 1834, the court, as a general rule, will require the executor to give bond with at least *two* sureties.

IN this case the real estate of the testator, Roberts, had been sold under a *venditioni exponas*, and after paying out of the proceeds of sale, all the creditors who had specific liens by judgment, &c. there remained a surplus in court.

The executor, Owens, moved to take the surplus fund out of court on filing a bond with one surety, conditioned for the legal distribution of the money.

PER CURIAM.—This application is rejected.   The 33d section of the act of 25th Feb. 1834, (*Stroud's Purd. tit. Executors and Administrators,*) says that the surplus, in a case like this, shall be paid to the executor or administrator on his *giving bond to the satisfaction of the court.*   No surety is designated.   It is left to the discretion of the court.   In exercising this discretion, it has been thought best to adopt, by analogy, the effect of the provision of the 24th section of the act of 15th March, 1832, relating to registers, &c. (*ibid. tit. Registers and Registers' Courts,*) which requires that an administrator's bond shall be taken with " two or more sufficient sureties."   There is much reason why we should adopt the spirit of this statutory provision, the object, in both cases, being to provide ample security to *cestui qui trusts,* among whom are, very frequently, minor children and others, whose interests might

31*

otherwise be prejudiced. As a general rule, therefore, in cases like this, the court will require at least two sureties to be given by the executor or administrator.

Motion refused.